UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PETRONIA MULLINGS,<br>    *Plaintiff*,<br><br>v.<br><br>OR&L FACILITY SERVICES LLC, *et al.*<br>    *Defendants*. | No. 3:17-cv-00405 (JAM) |

**RULING GRANTING DEFENDANTS' MOTION TO DISMISS**

Plaintiff Petronia Mullings says she was subject to "continuing sexual harassment" at work, retaliated against for her efforts to bring this outrageous behavior to light, and generally discriminated against as a "woman in a man's world." Doc. #1 at 2–3. Accordingly, she sought relief from the government, first from the Connecticut Commission on Human Rights and Opportunities ("CHRO"), then from the U.S. Equal Employment Opportunity Commission ("EEOC"), and now from this Court. Unfortunately, the record makes clear that she failed to cooperate with the administrative bodies investigating her claim. Accordingly, I will dismiss this case for plaintiff's failure to exhaust administrative remedies. I also conclude that plaintiff has failed to state plausible claims for relief on the basis of any age or disability discrimination.

**BACKGROUND**

Plaintiff initially filed charges with the CHRO and the EEOC on August 27, 2014. Doc. #21-2 at 2. On May 3, 2016, the CHRO dismissed her complaint for failure to cooperate. *Id.* at 2–3. In its Notice of Administrative Dismissal, the CHRO recounted that the case had been scheduled for mediation in July 2015, but that the mediation was postponed to allow for settlement negotiations between the parties to proceed. That was essentially the last the CHRO heard from the parties.

1

On February 24, 2016, the CHRO lawyer handling the case spoke to defendant's counsel, who stated that those negotiations had resolved plaintiff's internal grievance, but not the CHRO charge. On March 2, 2016, the CHRO lawyer attempted to reach plaintiff by phone to inquire about the status of her complaint, but was not successful. On March 30, 2016, the lawyer sent plaintiff a letter inquiring again whether she wished to withdraw her complaint, and informing her that her complaint could be administratively dismissed if she did not respond within 30 days. Thirty days later, having not heard from plaintiff, the CHRO dismissed the complaint. Doc. #21-2 at 2–3.[1]

On December 14, 2016, the EEOC also dismissed plaintiff's complaint, stating that it "adopted the findings of the [CHRO]," and mailed plaintiff a dismissal and right-to-sue notice. Plaintiff then filed this complaint in federal court on March 9, 2017. Plaintiff checked boxes indicating that she is suing under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621, *et seq.*, and under the Rehabilitation Act of 1973, 29 U.S.C. §§ 701, *et seq*. Doc. #1 at 1–2. However, plaintiff checked only the box for "sex," not for age or disability, in the section asking which discriminatory basis for defendant's conduct she was alleging, *id*. at 3, and her description of her allegations makes no mention of discrimination on the basis of age or disability, only on the basis of sex. *Id*. at 2–3.

Defendants have now moved to dismiss, substantially on the grounds that plaintiff failed to exhaust her administrative remedies. Doc. #21. Plaintiff has not filed an opposition or

---

[1] Although plaintiff alleged in her complaint that she had been hard to reach because she was working as a live-in nurse at other people's homes, Doc. #1 at 4, the fact remains that it was plaintiff who decided to seek relief from the administrative and court systems in the first instance, such that she had a responsibility to be reachable and to respond to inquiries.

response, except to say that she is in the process of hiring an attorney (who has yet to file an appearance). Doc. #29.

## DISCUSSION

It is well established that a Title VII plaintiff "must satisfy two conditions before commencing suit in federal court." *McPherson v. New York City Dep't of Educ.*, 457 F.3d 211, 213 (2d Cir. 2006). First, she "must file timely administrative charges with the EEOC." *Ibid.* Second, she must obtain a right-to-sue letter from the EEOC and file suit within 90 days of receiving that letter. *Id*. at 213–14. Defendants do not argue that plaintiff failed to meet either of these criteria. But a so-called "right-to-sue" letter does not actually "indicate that *all* of the statutory prerequisites for suit have been met, and therefore does not bespeak a 'right.'" *Id*. at 214. Courts including the Second Circuit have recognized "an additional obligation of good faith participation in the administrative process on claimants who wish to bring civil actions." *Wrenn v. Secretary, Dep't of Veterans Affairs*, 918 F.2d 1073, 1078 (2d Cir. 1990). This means that a claimant "must cooperate in the administrative investigation of the complaint by making specific charges, and by providing information necessary to the investigation." *Perez v. Communication Workers of America*, 210 F. App'x 27, 30 (2d Cir. 2006) (quoting *Wrenn*, 918 F.2d at 1078). "The purpose of the good faith participation requirement is to give the administrative process an opportunity to work and to enhance the chances of administrative resolution." *Wrenn*, 918 F.2d at 1078.

Here it is clear that plaintiff failed to comply with the CHRO's administrative procedures and thereby impeded the CHRO and the EEOC from reaching the merits of her complaint. When the CHRO lawyer handling her case attempted to contact her to determine whether or not she wished to withdraw her complaint, in light of the apparently successful settlement negotiations

3

between plaintiff and defendants, she never responded, and the result was that her claim was dismissed. The EEOC, in adopting the CHRO's findings, also relied solely on plaintiff's failure to cooperate, and did not reach the merits either. Accordingly, I find that plaintiff has failed to exhaust her administrative remedies for her claims under Title VII, and those claims must therefore be dismissed.

### *The ADEA and the Rehabilitation Act*

As noted, the complaint purports to proceed not just under Title VII but under the ADEA and the Rehabilitation Act. The ADEA imposes a requirement of administrative exhaustion not dissimilar to that under Title VII, though not identical in its details. *See* 29 U.S.C. § 626(d). The Rehabilitation Act, however, does not impose any exhaustion requirement. *See Fry v. Napoleon Community Schools*, 137 S.Ct. 743 (2017) (considering at length whether a plaintiff may evade the exhaustion requirement of the Individuals with Disabilities Education Act by styling the complaint as one under the Rehabilitation Act). The only indication in this case that either the ADEA or the Rehabilitation Act might apply is the fact that the complaint checked off boxes indicating that the complaint was brought pursuant to those statutes. There is no other mention in the complaint of age or disability discrimination, and indeed plaintiff did not indicate age or disability as an alleged discriminatory basis for defendants' conduct. Doc. #1 at 3. Accordingly, I find that the complaint does not state a plausible claim under either the ADEA or the Rehabilitation Act.

### CONCLUSION

For the foregoing reasons, defendants' motion to dismiss (Doc. #21) is GRANTED. This ruling, however, is without prejudice to plaintiff's filing a motion to reopen the case within 30

4

days in the event that she obtains counsel (as she has stated she intends to do). The Clerk of Court shall close this case.

It is so ordered.

Dated at New Haven this 2nd day of January 2018.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge